OPINION
Defendant Jeffrey A. Beatty appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, overruling his motion to reduce his sentence. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHERE THE COURT FAILED TO SENTENCE THE APPELLANT IN COMPLIANCE WITH THE SENTENCING SCHEME WHICH TOOK EFFECT ON JULY 1, 1996 PURSUANT TO REVISED CODE SECTION 1.58(B), AND SECTION 15(D), ARTICLE II OF THE OHIO CONSTITUTION.
SECOND ASSIGNMENT OF ERROR
 THE APPELLANT WAS NOT PROVIDED THE EFFECTIVE ASSISTANCE OF COUNSEL ON SEPTEMBER 13, 1996, WHERE COUNSEL FAILED TO OBJECT TO THE SENTENCE IMPOSED BY THE TRIAL COURT, PRESCRIBED BY THE SIXTH AMENDMENT.
The record indicates appellant was convicted and sentenced in July of 1995 to an indefinite sentence of not less than three years nor more than five years on a jury verdict of guilty to one count of assault with a specification, in violation of R.C.2941.143, as it was in effect at the time. The trial court granted shock probation in September of 1995, and in September of 1996, appellant's probation was revoked.
At the time of the revocation, the trial court modified the previous sentence to a period of incarceration of not less than two nor more than five years. This court affirmed the trial court's judgment in State v. Beatty (June 25, 1997), Fairfield Appellate # 95CA068. The Supreme Court declined to review our decision.
On February 11, 1998, appellant moved to reduce the sentence, citing revisions in the criminal code which went into effect on July 1, 1996.
 I
In his first assignment of error, appellant urges because his sentence was reimposed on September 13, 1996, the court should have sentenced him according to the statutory guidelines effective July 1, 1996. This court has held where an offense committed prior to July 1, 1996 but sentencing does not take place until after July 1, 1996, the court should sentence the defendant pursuant to Am. Sub. Senate Bill 2, effective July 1, 1996, seeState v. Rush (July 7, 1997), Stark Appellate #96CA419, unreported. The within case is distinguishable from the facts in Rush, supra, because in Rush, the original sentencing was held after the effective date of Senate Bill 2. Here, appellant was sentenced nearly a year before the effective date of Senate Bill 2.
We find the rationale articulated in Rush, does not apply to appellant.
The first assignment of error is overruled.
 II
Next, appellant argues his counsel was ineffective because he failed to bring this matter to the court's attention during the probation revocation proceedings. In Strickland v. Washington
(1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test requiring an appellant to show both that counsel's representation falls below an objective standard of his essential duty to his client, and also that counsel's substandard performance prejudiced appellant's ability to receive a fair and reliable trial. The Ohio Supreme Court utilizes the Strickland
test, see State v. Bradley (1989), 442 Ohio St.3d 136.
Because we find appellant was sentenced under the proper statute, see I, supra, it follows counsel was not ineffective in failing to make this argument to the trial court.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.